IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01541-BNB

WILLIE DEE HAYWARD, JR.,

      Plaintiff,

v.

DEN. PUBLIC DEFENDER'S OFFICE,
DEN. DISTRICT ATTORNEY'S OFFICE,
TONE T. SCHAUER, Alternative Defense Counsel,
DETECTIVE PETER PALOMBI, Den. Police Department,
COLORADO DEPARTMENT OF CORRECTIONS,
JUDGE SHELIA RAPPAPORT,
STEPHAN FLAVIN, ESQ., and
KATHLEEN O'BRIEN, ESQ.,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
                     CLERK

---

## ORDER OF DISMISSAL

---

     Plaintiff Willie Dee Hayward, Jr., currently is held at the Denver County Jail in

Denver, Colorado. Mr. Hayward initiated this action by filing a *pro se* Prisoner

Complaint pursuant to 42 U.S.C. § 1983. Mr. Hayward alleges that his rights under the

United States Constitution have been violated. He seeks money damages as relief.

     The Court must construe the Complaint liberally because Mr. Hayward is a *pro*

*se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a

valid claim on which the plaintiff could prevail, [the Court] should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the Complaint and the action.

Mr. Hayward is challenging the validity of his November 17, 2005, state court conviction. He contends that Defendants conspired to maliciously prosecute him by use of witness intimidation, entrapment, official misconduct, false swearing, and selective prosecution. Plaintiff further asserts that he was subjected to ineffective assistance of counsel and to discrimination.

As noted above, Mr. Hayward seeks money damages as relief in the instant action. However, Mr. Hayward may not recover damages for the claims he asserts because those claims challenge the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Hayward, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceeding. Mr. Hayward does not allege, and nothing in the Court's file indicates, that he has invalidated his state court conviction and sentence. Therefore, the claims for damages are barred by *Heck* and will be

dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73

F.3d 1064, 1065 (10th Cir. 1996).  Accordingly, it is

      ORDERED that the Complaint and the action are dismissed without prejudice.

      DATED at Denver, Colorado, this 19 day of ___Sept,___, 2007.

            BY THE COURT:

            ZITA L. WEINSHIENK, Senior Judge
            United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No. 07-cv-01541-BNB

Willie Dee Hayward, Jr.
Prisoner No. 1431312
Denver County Jail
PO Box 1108
Denver, CO 80201


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on___9/20/07___


                    GREGORY C. LANGHAM, CLERK


                    By:_____*angie*_____
                        Deputy Clerk